# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

In re: CIVIL INVESTIGATIVE DEMAND NO. 2012-01,

2:12-CV-1632 JCM (PAL)

**ORDER**

Presently before the court is the government's petition to enforce a civil investigative demand ("CID") against Cardiovascular & Thoracic Surgeons ("CTS") of Nevada, Inc. (Doc. #1). CTS filed a response (doc. # 3) and the government filed a reply (doc. # 6).

The government has opened an investigation into CTS' billing practices, which seeks to determine whether CTS has submitted any false claims to the Medicare or Tricare programs in violation of the Civil False Claims Act, 31 U.S.C. § 3729 *et seq*. The government has properly served CTS with the CID and seeks the medical and financial records of certain patients. The government asserts that it needs these records to determine whether there is any evidence of the submission of false claims or other violations of federal laws or regulations by CTS in connection with billing for the treatment of these patients.

Enforcement of a CID is governed by 31 U.S.C. § 3733(j)(1), which states:

"Petition for enforcement.– Whenever any person fails to comply with any civil investigative demand issued under subsection (a), or whenever satisfactory copying or reproduction of any material requested in such demand cannot be done and such person refuses to surrender such material, the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of the civil investigative demand."

. . .

**James C. Mahan**
**U.S. District Judge**

Further, the Ninth Circuit has implemented a three-part test to determine the enforceability of a CID: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Federal Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009) (quoting *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc)).

At step one, the district court's inquiry is "strictly limited" to determining whether the agency has jurisdiction over the investigation. *Federal Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2008). At step three, "[c]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *Id.* at 854.

In this case the government is seeking to obtain certain patient billing and medical records for specific patients who are beneficiaries of the Medicare and Tricare programs. These records are expected to demonstrate whether CTS submitted any false claims to the government relating to either the Medicare or Tricare programs.

From the court's review, the government has established each part of the three part test to enforce the CID: (1) Congress has granted authority to the DOJ to investigate false claims; (2) procedural requirements were followed; and (3) the information sought is relevant.

CTS does not dispute the legal standard or the fact that the legal standard is fairly easy to establish by the government. Rather, CTS argues that it has provided about half of what the government has requested and that should be good enough. Alternatively, CTS requests additional time to respond to the government's CID.

The government points out that CTS had about five months to fully comply before the government elected to file the instant petition. CTS' lack of compliance is the very reason that the government filed the petition. The court agrees with the government. CTS has twenty (20) days from the publication of this order to comply with the CID and produce the remaining medical and financial information of the patients identified in the attachments to the government's reply brief. (See doc. # 6, Exs. A- D).

. . .

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's petition
3  to enforce civil investigative demand (doc. # 1) be, and the same hereby, is GRANTED.

4  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that respondent CTS has
5  twenty (20) days from the publication of this order to produce the outstanding medical and financial
6  patient information sought by the government.

7  DATED January 31, 2013.

*(signature)*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -